UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| COGDELL INVESTORS (MALLARD), LP; ET SUB-DCMH LIMITED PARTNERSHIP, L.L.P.; and GA HC REIT II WEST OAKS MOB, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID C. HELM, II,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>) |

# COMPLAINT

Plaintiffs, COGDELL INVESTORS (MALLARD), LP ("**Cogdell**"); ET SUB-DCMH LIMITED PARTNERSHIP, L.L.P. ("**DCMH**"); and GA HC REIT II WEST OAKS MOB, LLC ("**West Oaks**" and together with Cogdell and DCMH, the "**Plaintiffs**") state as follows for their Complaint against Defendant, David C. Helm, II ("**Helm**" or "**Defendant**"):

### NATURE OF ACTION

1. This action arises out of Defendant's breach of personal guaranties provided to Plaintiffs.

2. Defendant is the guarantor on three commercial medical property leases with the Plaintiffs who are related entities. The tenants at each property are controlled by the Defendant and disappeared suddenly and stopped paying rent.

## THE PARTIES

3. Plaintiff Cogdell is a North Carolina limited partnership that owns a medical office building located at 10310 Mallard Creek Road, Charlotte, North Carolina 28262 (the "**Mallard Creek Building**").

4. Plaintiff Cogdell is a North Carolina limited partnership in which Cogdell Spencer Advisors Management, LLC, a Delaware limited liability company, is the general partner, and Cogdell Spencer LP, a Delaware limited partnership is the limited partner. Cogdell Spender LP is the sole member of Cogdell Spencer Advisors Management, LLC. CS Business Trust I, a Maryland trust, is the general partner in Cogdell Spencer, LP, and CS Business Trust II, a Maryland trust, is limited partner. Ventas CS, LLC, a Delaware limited liability company, is the sole Trustee of both CS Business Trust I and CS Business Trust II. Ventas Realty, Limited Partnership, a Delaware limited partnership, is the sole member of Ventas CS, LLC. Ventas LP Realty, L.L.C., a Delaware limited liability company is the limited partner in Ventas Realty, Limited Partnership, and Ventas, Inc., is the general partner. Ventas, Inc. is a Delaware corporation, with its principal place in Kentucky. For diversity purposes, Plaintiff Cogdell is a citizen of Delaware or Kentucky.

5. Plaintiff DCMH is a Virginia limited partnership that owns a medical office building located at 2100 Keystone Avenue, Drexel Hill PA 19026 (the "**Keystone Building**").

6. Plaintiff DCMH is a Virginia limited partnership in which ED DCMH Finance, L.L.C., a Delaware limited liability company, is the general partner, and ElderTrust, a Maryland Real Estate Investment Trust (REIT), is the limited partner. ElderTrust is also the sole member of ED DCMH Finance, L.L.C. Ventas, Inc., a Delaware corporation with its principal place of business in Kentucky, is the sole Trustee of ElderTrust. For diversity purposes, Plaintiff is a citizen of Delaware or Kentucky.

2

7. Plaintiff West Oaks is a Delaware limited liability company that owns a medical office building located at 33200 W. Fourteen Mile Road, West Bloomfield, Michigan 48322 (the "**Fourteen Mile Building**").

8. Plaintiff West Oak's sole member is SHI MOB Holdco, LLC, a Delaware limited liability company. The sole member of SHI MOB Holdco, LLC, is VTR SHI Venture, LLC, a Delaware limited liability company. The sole member of VTR SHI Venture, LLC is Ventas MS, LLC, a Delaware limited liability company. The sole member of Ventas MS, LLC is Ventas SSL, Inc., a Delaware Corporation with its principal place of business in Kentucky. The sole shareholder of Ventas SSL, Inc., is Ventas, Inc., a Delaware corporation with its principal place of business in Kentucky. For diversity purposes, Plaintiff West Oaks is a citizen of Delaware or Kentucky.

9. Defendant, David C. Helm III, is an individual. He resides in, is domiciled in, and is a citizen of Florida. Helm may be served at 650 Travers Avenue, Fort Myers, Florida 33919, or wherever else he may be located.

10. Defendant is the owner of Oak Valley Services, LLC ("**Oak Valley**"), which leased space in the Mallard Creek Building. Defendant personally guaranteed the lease obligations of Oak Valley to Plaintiff Cogdell.

11. Defendant is the owner of Oak Hills Med LLC ("**Oak Hills**"), which leased space in the Keystone Building. Defendant personally guaranteed the lease obligations of Oak Hills to Plaintiff DCMH.

12. Defendant is the owner of Maple Ridge Services, LLC ("**Maple Ridge**") which leased space in the Fourteen Mile Building. Defendant personally guaranteed the lease obligations of Maple Ridge to Plaintiff West Oaks.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. The Court has personal jurisdiction over the Defendant because Helm is a citizen of this state and transacts business in this state.

15. Venue is proper in this Court because Helm resides in this judicial district.

## STATEMENT OF FACTS

### Mallard Creek Lease and Guaranty

16. Plaintiff Cogdell, as Landlord, entered into a lease on or about January 13, 2022, as amended from time to time (collectively with the amendment described *infra*, the "**Mallard Creek Lease**"), with Oak Valley as Tenant, for space in the Mallard Creek Building (the "**Mallard Creek Premises**"). A copy of the Mallard Creek Lease is attached hereto and incorporated herein as **Exhibit 1**.

17. On or about January 13, 2022, Andrew Rinehart ("**Rinehart**"), executed and delivered to Plaintiff Cogdell a certain Guaranty of Lease (the "**Mallard Creek Guaranty**"). The Mallard Creek Guaranty guaranteed to and for the benefit of Plaintiff Cogdell the full and prompt performance of the Mallard Creek Lease by Oak Valley, and all of the terms, covenants and conditions thereof, including the payment by Oak Valley of the rentals and all other charges and obligations due and to become due under the Mallard Creek Lease. A copy of the Mallard Creek Guaranty is attached hereto and incorporated herein as **Exhibit 2**.

18. Thereafter, Rinehart transferred his interests in Oak Valley to Helm and on January 11, 2023, Plaintiff Cogdell, Oak Valley, and Helm entered into a First Amendment of Lease (the "**Mallard Creek Amendment**") pursuant to which amendment, Plaintiff Cogdell consented to the

4

transfer of interests from Rinehart to Helm, Reinhart was released as guarantor, and Helm joined as a new guarantor of the Mallard Creek Lease. A copy of the Mallard Creek Amendment is attached hereto and incorporated herein as **Exhibit 3**.

19. Pursuant to the Mallard Creek Lease, the Mallard Creek Guaranty, and the Mallard Creek Amendment (collectively, the "**Mallard Creek Lease Documents**"), Oak Valley agreed, among other things, to pay such rent and other fees to Plaintiff Cogdell, and Helm personally guaranteed the obligations of Oak Valley.

20. Pursuant to the Mallard Creek Lease Documents, if Oak Valley and/or Helm fail to make payments when due, Plaintiff Cogdell is entitled to assess late charges, interest and default interest, on the amounts due pursuant to the Mallard Creek Lease Documents.

21. Pursuant to the Mallard Creek Lease Documents, Plaintiff Cogdell is entitled to recover from Oak Valley and/or Helm, the reasonable attorney's fees and costs incurred by Plaintiff Cogdell as a result of Oak Valley and/or Helm's breach of the Mallard Creek Lease Documents.

22. Oak Valley failed to pay to Plaintiff Cogdell the rents due under the Mallard Creek Lease Documents, and in or about June 2023, Oak Valley abandoned the Mallard Creek Premises, leaving behind furniture, equipment, and patient records.

23. Pursuant to the Mallard Creek Lease Documents, Plaintiff Cogdell is entitled to recover from Oak Valley and/or Helm, the costs incurred by Cogdell to remove, store and dispose of any Oak Valley's property left behind in the Mallard Creek Premises.

24. All conditions precedent to the right of Cogdell to recover under the Mallard Creek Lease Documents have occurred or have been performed, satisfied or waived.

25. Oak Valley has failed and/or refused to pay Plaintiff Cogdell the amounts due and owing under the Mallard Creek Lease Documents as applicable.

26. Helm has failed and/or refused to pay Plaintiff Cogdell the amounts due and owing under the Mallard Creek Guaranty, as applicable.

27. Plaintiff Cogdell is entitled to its reasonable attorneys' fees and costs incurred in connection with enforcement of the Mallard Creek Lease Documents.

**Keystone Lease and Guaranty**

28. Plaintiff DCMH, as Landlord, entered into a lease on or about February 24, 2022, as amended from time to time (collectively with the amendment described *infra*, the "**Keystone Lease**"), with Rinehart as Tenant, for space in the Keystone Building (the "**Keystone Premises**"). A copy of the Keystone Lease is attached hereto and incorporated herein as **Exhibit 4**.

29. On or about February 4, 2023, Plaintiff DCMH, Rinehart, Oak Hills, and Helm entered into an Assignment and Assumption of and First Amendment of Lease (the "**Keystone Amendment**") pursuant to which amendment, Plaintiff DCMH consented to the assignment and assumption of the Keystone Lease by Oak Hills, and Helm agreed to personally guaranty Keystone Lease. A copy of the Keystone Amendment is attached hereto and incorporated herein as **Exhibit 5**.

30. On or about February 4, 2023, Helm executed and delivered to Plaintiff DCMH a certain Guaranty of Lease (the "**Keystone Guaranty**"). The Keystone Guaranty guaranteed to and for the benefit of Plaintiff DCMH the full and prompt performance of the Keystone Lease by Oak Hills, and all of the terms, covenants and conditions thereof, including the payment by Oak Hills of the rentals and all other charges and obligations due and to become due under the Keystone Lease. A copy of the Keystone Guaranty is attached hereto and incorporated herein as **Exhibit 6**.

31. Pursuant to the Keystone Lease, the Keystone Amendment, and the Keystone Guaranty (collectively, the "**Keystone Lease Documents**"), Oak Hills agreed, among other things, to pay such rent and other fees to Plaintiff DCMH, and Helm personally guaranteed the obligations of Oak Hills.

32. Pursuant to the Keystone Lease Documents, if Oak Hills and/or Helm fail to make payments when due, Plaintiff DCMH is entitled to assess late charges, interest and default interest, on the amounts due pursuant to the Keystone Lease Documents.

33. Pursuant to the Keystone Lease Documents, Plaintiff DCMH is entitled to recover from Oak Hills and/or Helm, the reasonable attorney's fees and costs incurred by Plaintiff DCMH as a result of Oak Hills and/or Helm's breach of the Keystone Lease Documents.

34. Oak Hills failed to pay to Plaintiff DCMH the rents due under the Keystone Lease Documents, and in or about June 2023, Oak Hills abandoned the Keystone Premises, leaving behind furniture, equipment, and patient records.

35. Pursuant to the Keystone Lease Documents, Plaintiff DCMH is entitled to recover from Oak Hills and/or Helm, the costs incurred by DCMH to remove, store and dispose of any of Oak Hill's property left behind in the Keystone Premises.

36. All conditions precedent to the right of DCMH to recover under the Keystone Lease Documents have occurred or have been performed, satisfied or waived.

37. Oak Hills has failed and/or refused to pay Plaintiff DCMH the amounts due and owing under the Keystone Lease Documents as applicable.

38. Helm has failed and/or refused to pay Plaintiff DCMH the amounts due and owing under the Keystone Guaranty, as applicable.

39. Plaintiff DCMH is entitled to its reasonable attorneys' fees and costs incurred in connection with enforcement of the Keystone Lease Documents.

**Fourteen Mile Lease and Guaranty**

40. Plaintiff West Oaks, as Landlord, entered into a lease on or about January 6, 2022, as amended from time to time (collectively with the amendment described *infra*, the "**Fourteen Mile Lease**"), with Maple Ridge as Tenant, for space in the Fourteen Mile Building (the "**Fourteen Mile**

7

**Premises**"). A copy of the Fourteen Mile Lease is attached hereto and incorporated herein as **Exhibit 7**.

41. On or about January 6, 2022, Rinehart executed and delivered to Plaintiff West Oaks a certain Guaranty of Lease (the "**Fourteen Mile Guaranty**"). The Fourteen Mile Guaranty guaranteed to and for the benefit of Plaintiff West Oaks the full and prompt performance of the Fourteen Mile Lease by Maple Ridge, and all of the terms, covenants and conditions thereof, including the payment by Maple Ridge of the rentals and all other charges and obligations due and to become due under the Fourteen Mile Lease. A copy of the Fourteen Mile Guaranty is attached hereto and incorporated herein as **Exhibit 8**.

42. Thereafter, Rinehart transferred his interests in Maple Ridge to Helm and on January 27, 2023, Plaintiff West Oaks, Maple Ridge, and Helm entered into a First Amendment of Lease (the "**Fourteen Mile Amendment**") pursuant to which amendment, Plaintiff West Oaks consented to the transfer of interests from Rinehart to Helm, Rinehart was released as guarantor, and Helm joined as a new guarantor of the Fourteen Mile Lease. A copy of the Fourteen Mile Amendment is attached hereto and incorporated herein as **Exhibit 9**.

43. Pursuant to the Fourteen Mile Lease, the Fourteen Mile Guaranty, and the Fourteen Mile Amendment (collectively, the "**Fourteen Mile Lease Documents**"), Maple Ridge agreed, among other things, to pay such rent and other fees to Plaintiff West Oaks, and Helm personally guaranteed the obligations of Maple Ridge.

44. Pursuant to the Fourteen Mile Lease Documents, if Maple Ridge and/or Helm fail to make payments when due, Plaintiff West Oaks is entitled to assess late charges, interest and default interest, on the amounts due pursuant to the Fourteen Mile Lease Documents. West Oaks is entitled to recover from Maple Ridge and/or Helm, the reasonable attorney's fees and costs incurred by

Plaintiff West Oaks as a result of Maple Ridge and/or Helm's breach of the Fourteen Mile Lease Documents.

45. Maple Ridge failed to pay to Plaintiff West Oaks the rents due under the Fourteen Mile Lease Documents, and in or about June 2023, Maple Ridge abandoned the Fourteen Mile Premises, leaving behind furniture, equipment, and patient records.

46. Pursuant to the Fourteen Mile Lease Documents, Plaintiff West Oaks is entitled to recover from Maple Ridge and/or Helm, the costs incurred by West Oaks to remove, store and dispose of any Maple Ridge's property left behind in the Fourteen Mile Premises.

47. All conditions precedent to the right of West Oaks to recover under the Fourteen Mile Lease Documents have occurred or have been performed, satisfied or waived.

48. One or more events of default have occurred under the terms of the Fourteen Mile Lease Documents by virtue of Maple Ridge's abandonment of the Fourteen Mile Premises, including the furniture, equipment and patient records and Maple Ridge's failure and/or refusal to pay the amounts due and owing under the Fourteen Mile Lease Documents.

49. Helm has failed and/or refused to pay Plaintiff West Oaks the amounts due and owing under the Fourteen Mile Guaranty, as applicable.

50. Plaintiff West Oaks is entitled to its reasonable attorneys' fees and costs incurred in connection with enforcement of the Fourteen Mile Lease Documents.

### COUNT I – BREACH OF MALLARD CREEK GUARANTY

51. Plaintiff incorporates by reference the allegations set in paragraphs 1 through 27 above.

52. The Mallard Creek Lease is a valid and enforceable agreement.

53. The Mallard Creek Guaranty is a valid and enforceable agreement.

54. Helm has breached the Mallard Creek Guaranty by failing and/or refusing to perform Helm's obligations under the Mallard Creek Guaranty, including Helm's obligations to make payments required under the Mallard Creek Lease.

55. As a direct and proximate result of Helm's breach of the Guaranty, Plaintiff Cogdell has suffered damages including but not limited to: (a) past due rent in the amount of $41,914; (b) rent due and owing for the remainder of the lease term in the amount of $142,490; (c) late fees; (d) interest and default interest pursuant to the terms of the Mallard Creek Lease Documents; (e) costs incurred by Cogdell to remove, store and dispose of any Oak Valley's property left behind in the Keystone Premises, including the patient records; and (f) attorneys' fees and costs.

WHEREFORE, Cogdell requests judgment against Helm for: (a) an award of damages in an amount to be proven at trial; (b) attorneys' fees and costs associated with the enforcement of the Mallard Creek Lease Documents; (c) pre-judgment and post-judgment interest; (d) attorneys' fees and costs; and (e) all other relief to which Cogdell may be entitled.

## COUNT II – BREACH OF KEYSTONE GUARANTY

56. Plaintiff incorporates by reference the allegations set in paragraphs 1 through 15 and 28 through 39 above.

57. The Keystone Lease is a valid and enforceable agreement.

58. The Keystone Guaranty is a valid and enforceable agreement.

59. Helm has breached the Keystone Guaranty by failing and/or refusing to perform Helm's obligations under the Keystone Guaranty, including Helm's obligations to make payments required under the Keystone Lease.

60. As a direct and proximate result of Helm's breach of the Keystone Guaranty, Plaintiff DCMH has suffered damages including but not limited to: (a) past due rent in the amount of $23,334;

(b) rent due and owing for the remainder of the lease term in the amount of $36,337; (c) late fees; (d) interest and default interest pursuant to the terms of the Keystone Lease Documents; (e) costs incurred by DCMH to remove, store and dispose of any Oak Hill's property left behind in the Keystone Premises, including the patient records; and (f) attorneys' fees and costs.

WHEREFORE, DCMH requests judgment against Helm for: (a) an award of damages in an amount to be proven at trial; (b) attorneys' fees and costs associated with the enforcement of the Keystone Lease Documents; (c) pre-judgment and post-judgment interest; (d) attorneys' fees and costs; and (e) all other relief to which DCMH may be entitled.

### COUNT III – BREACH OF FOURTEEN MILE GUARANTY

61. Plaintiff incorporates by reference the allegations set in paragraphs 1 through 15 and 40 through 50 above.

62. The Fourteen Mile Lease is a valid and enforceable agreement.

63. The Fourteen Mile Guaranty is a valid and enforceable agreement.

64. Helm has breached the Fourteen Mile Guaranty by failing and/or refusing to perform Helm's obligations under the Fourteen Mile Guaranty, including Helm's obligations to make payments required under the Fourteen Mile Lease.

65. As a direct and proximate result of Helm's breach of the Fourteen Mile Guaranty, Plaintiff West Oaks has suffered damages including but not limited to: (a) past due rent in the amount of $29,886; (b) rent due and owing for the remainder of the lease term in the amount of $4,666; (c) late fees; (d) interest and default interest pursuant to the terms of the Fourteen Mile Lease Documents; (e) costs incurred by West Oaks to remove, store and dispose of any Maple Ridge's property left behind in the Fourteen Mile Premises, including the patient records; and (f) attorneys' fees and costs.

WHEREFORE, West Oaks requests judgment against Helm for: (a) an award of damages in an amount to be proven at trial; (b) attorneys' fees and costs associated with the enforcement of the Fourteen Mile Lease Documents; (c) pre-judgment and post-judgment interest; (d) attorneys' fees and costs; and (e) all other relief to which West Oaks may be entitled.

Dated this 22nd day of August, 2023,

/s/ Wendy D. Brewer
Wendy D. Brewer, Fla Bar No. 0057746
Fultz Maddox Dickens PLC
333 N. Alabama Street, Suite 350
Indianapolis, IN 46204
Telephone:  317.567.9048
E-mail: wbrewer@fmdlegal.com
*Attorneys for the Plaintiffs*