UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**COGDELL INVESTORS (MALLARD), LP; ET SUB-DCMH LIMITED PARTNERSHIP, L.L.P.; and GA HC REIT II WEST OAKS MOB, LLC,**

    Plaintiffs,

v.                                            CASE NO. 2:23-CV-00654-JLB-NPM

**DAVID C. HELM, II,**

    Defendant.
_____/

## AMENDED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

Plaintiffs, Cogdell Investors (Mallard), LP ("**Cogdell**"), ET Sub-DCMH Limited Partnership, L.L.P. ("**DCMH**") and GA HC REIT II West Oaks MOB, LLC ("**West Oaks**"), pursuant to Fed. R. Civ. P. 55 and M.D. Fla. Local Rule 1.10(b), hereby files their *Amended Motion for Entry of Final Default Judgment* seeking entry of a final default judgment against David C. Helm ("**Helm**" or the "**Defendant**") and in support thereof state as follows:

### PROCEDURAL HISTORY

1. Cogdell, DCMH and West Oaks (the "**Plaintiffs**") filed their *Complaint* against the Defendant on August 22, 2023 [ECF No. 1].

2. The Clerk issued a summons for the Defendant on August 23, 2023 [ECF No. 8].

3. The Summons and Complaint were personally served on the Defendant at his residence on August 28, 2023 at 2:42PM, as shown by the Return of Service filed by Plaintiffs on August 30, 2023 [ECF No. 14].

4. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(1) and as set forth in the Summons, the Defendant was required to answer or otherwise plead by September 18, 2023.

5. To date, the Defendant has not served or filed any response to the Complaint, nor has the Court extended the time for the Defendant to respond.

6. On or about September 25, 2023, the Plaintiffs filed their *Application for Entry of Clerk's Default* [ECF No. 15] pursuant to Fla. R. Civ. P. 55 and M.D. Fla. L.R. 1.10(b), and thereafter, on October 10, 2023, the Clerk issued its *Clerk's Entry of Default* [ECF No. 16].

7. On or about November 9, 2023, the Plaintiff's filed their *Motion for Entry of Partial Final Default Judgment* [ECF No. 17] (the "**Default Motion**").

8. On January 17, 2024, the Court conducted a status conference regarding the Default Motion (the "**Status Conference**"). This Amended Motion for Entry of Final Default Judgment is filed pursuant to the Court's comments during the Status Conference and to address certain deficiencies in the Default Motion and supporting affidavits.

## RELIEF REQUESTED BY THIS MOTION

9. By this motion, the Plaintiffs seek entry of a final default judgment against Helm for damages and for attorneys' fees and costs related to the breach of three commercial leases that were personally guaranteed by Helm.

## BASIS FOR RELIEF REQUESTED

10. Entry of default judgment against the Defendant is proper pursuant to Fed. R. Civ. P. 55 and M.D. Fla. Local Rule 1.10(c).

11. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §1332. The parties are diverse. Cogdell, DCMH, and West Oaks are citizens of Delaware and Kentucky. [ECF No. 1, ¶¶4, 6, 8]. Helm is a citizen of Florida. [*Id.*, ¶9]. The amount in controversy requirement is satisfied because Cogdell's claims and damages exceed $75,000. *See Posada v. Aspen Specialty Ins. Co.*, No. 8:22-CV-1578-CEH-AAS, 2023 WL 2711538, at *3 (M.D. Fla. Mar. 30, 2023) ("In a civil action with multiple plaintiffs, one plaintiff's claim over $75,000 is sufficient to satisfy the amount in controversy requirement for diversity jurisdiction, even if other plaintiffs' claims fall below the threshold.") (citing *Exxon Mobil v. Allapattah Svcs., Inc.*, 545 U.S. 546, 547-548 (2005)).

12. Upon information and belief, the Defendant is not an infant or an incompetent person and is not in active military service of the United States of America or otherwise exempted under the Servicemembers Civil Relief Act. See the Department of Manpower Data Center Status Report attached hereto as **Exhibit A**.

13. The damages sought by Plaintiffs include past due base rent and additional rent obligations imposed by the leases, future rent for the term of the lease, interest and late fees to which Plaintiffs are entitled under the terms of the leases, the attorneys' fees and costs incurred by the Plaintiffs as a result of the breach of the leases. Because these sums are liquidated and capable of mathematical calculation, the Court may enter default judgment without a hearing. *Cabrera v. Fla. Express Bus, LLC*, No. 8:13-CV-1850-T-35EAJ, 2015 WL 12844403, at *2 (M.D. Fla. June 23, 2015), *report and recommendation adopted*, 2015 WL 12853103 (M.D. Fla. July 10, 2015); *Suntrust Bank v. Milano,* No. 8:10-cv-01258-EAK-TBM, 2010 WL 2804855, at *1 (M.D. Fla. Jul.15, 2010) (Where complaint seeks liquidated sum, "[p]laintiff is entitled to final judgment for the liquidated sums . . . which are capable of mathematical computation or ascertainment from definite figures . . . in the documentary evidence or in detailed affidavits.").

14. In support of this Motion, the Plaintiffs incorporate by reference the matters set forth in the *Affidavit of Brian Fry in Support of Motion for Default Judgment* attached hereto as **Exhibit B** (the "**Fry Affidavit**").

15. "[T]o plead a breach of contract claim, [the plaintiff] must allege plausible facts to show: (1) a valid contract; (2) a material breach, and (3) damages." *Alchemy-Spetec LLC v. Pump & Spray Co. Corp.*, No. 2:19-CV-670-JLB-NPM, 2021 WL 2228266, at *2 (M.D. Fla. May 13, 2021), *report and recommendation adopted*, 2021 WL 2226586 (M.D. Fla. June 2, 2021). "And 'the elements of an action for breach of a guarantee arise from a debtor's default and the guarantor's subsequent failure to pay.'"

4

*Id.* (quoting *Rossi v. Pocono Point, LLC*, No. 6:08-750-Orl-28KRS, 2009 WL 435064, at *4 (M.D. Fla. Feb. 20, 2009)).

16. Between the allegations in the Complaint and the Fry Affidavit, Plaintiffs have sufficiently alleged the required elements of the claims. Plaintiffs have identified their respective, valid contracts. [*See, e.g.*, ECF No. 1, ¶¶16-19, 28-31, 40-43]. Plaintiffs have explained that their respective tenets stopped paying rent and thus breached the leases. [*Id.*, ¶¶22, 34, 45]. As a result, Plaintiffs have suffered damages. [*Id.*, ¶¶23, 35, 46]. Moreover, Plaintiffs alleged that Helm's guarantee arose from each of the tenets' default. [*Id.*, ¶¶17-18, 30, 41-42]. Finally, Plaintiffs alleged that Helm failed to pay and honor those guarantees. [*Id.*, ¶¶26, 38, 49].

17. Plaintiffs also seek recovery of attorneys' fees. Plaintiffs are entitled to attorneys' fees and costs under the provisions of each lease and guaranty of same. [Fry Affidavit, ¶¶16, 18, 20]. Plaintiffs recognize that ordinarily, litigants must follow a bifurcated procedure when seeking attorneys' fees." *Veterans Cap. Corp. v. Future Farm Techs., Inc.*, No. 2:22-CV-463-SPC-NPM, 2023 WL 5311022, at *2 n.1 (M.D. Fla. July 25, 2023), *report and recommendation adopted*, 2023 WL 5302984 (M.D. Fla. Aug. 17, 2023) (citing M.D. Fla. R. 7.01). But in the interest of judicial economy, Plaintiffs request that the Court "address both entitlement to, and a reasonable amount for, the fee award." *Id.* Doing so also comports with the Court's request for additional information regarding attorneys' fees at the status conference.

18. Both the hourly rate and the hours expended by Plaintiffs' counsel and staff are reasonable. "In determining the lodestar figure, a 'reasonable hourly rate'

5

consists of 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Velazquez v. Corp. Bank Transit of Kentucky, Inc.*, No. 8:16-CV-948-T-27AEP, 2017 WL 5241846, at *4 (M.D. Fla. Jan. 4, 2017), *report and recommendation adopted*, 2017 WL 5248449 (M.D. Fla. Jan. 23, 2017) (quoting *Norman v. Housing Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "In this context, 'market rate' means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists." *Id.* "The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates." *Id.*

19.   Hourly rates for experienced attorneys in the Fort Myers legal market working on similar cases in the range of $395 to $450 have been determined to be reasonable. *See, e.g.*, *Whirlpool Corp. v. Wysocki*, No. 2:15-CV-223-FTM-38CM, 2016 WL 233793 (M.D. Fla. Jan. 20, 2016) (finding hourly rate of $425 to be reasonable, taking into account attorney's nearly 30 years of experience); *Transportation All. Bank, Inc. v. PeeWee's Hauling, Inc.*, No. 218CV499FTM66MRM, 2020 WL 7232239, at *2 (M.D. Fla. Oct. 6, 2020), *report and recommendation adopted*, No. 2:18-CV-499-JLB-MRM, 2020 WL 7229748 (M.D. Fla. Dec. 8, 2020) (noting that $395 is appropriate rate for partners and $250 for non-partner attorneys); *Dero Roofing, LLC v. Triton, Inc.*, No. 2:21-CV-688-SPC-KCD, 2023 WL 4532594, at *2 (M.D. Fla. July 13, 2023)

(finding hourly rate of $450 reasonable, taking into account attorney's 9 years of experience as civil litigator). In addition, the prevailing rate for paralegals appears to be in the $125 to $195 range. *See, e.g.*, *Tropical Bees, LLC v. Barka Grp., LLC*, No. 216CV672FTM38MRM, 2017 WL 7354757, at *5 (M.D. Fla. Apr. 24, 2017) ("This Court has held that paralegal fees of $170 are reasonable for the Southwest Florida area.").

20. In support of this Motion and the request for attorneys' fees, the Plaintiffs incorporate by reference the matters set forth in the *Affidavit of Phillip Martin in Support of Claim for Attorneys' Fees and Costs* attached hereto as **Exhibit C** (the "**Martin Affidavit**"). Plaintiffs also incorporate by reference the matter set forth in the *Affidavit of Alberto "Al" F. Gomez, Jr. in Support of Claim for Attorneys' Fees and Costs* attached hereto as **Exhibit D** (the "**Gomez Affidavit**"). As noted in the Gomez Affidavit, the hourly rates charged for each attorney and paralegal fall within the rates held to be reasonable for this legal market, especially considering the relevant experience of the attorneys. [Gomez Affidavit, ¶16]. Additionally, the time entries, which are attached to the Martin and Gomez Affidavits as Exhibits 1, 2, and 3, demonstrate that the total hours expended are reasonable. Finally, the costs described in the Martin and Gomez Affidavits are all reasonable and recoverable.

21. The Plaintiffs therefore seek entry of Final Judgment against the Defendant as follows:

    a. Judgment for damages in favor of Cogdell and against the Defendant for the following:

      i. unpaid past due rent, CAM, real estate taxes and direct bill expenses from April, 2023 through the date of this motion in the amount of $71,933.63;

      ii. rent, CAM and real estate taxes due and owing for the remainder of the lease term through February 28, 2025 in the amount of $103,661.96;

      iii. late fees in the amount of $3,608.51;

      iv. pre-judgment interest pursuant to the terms of the Mallard Creek Lease Documents through January 23, 2024, in the amount of $3,543.04;

      v. attorneys' fees and costs incurred through December 31, 2023 in the amount of $8,950.99

      vi. additional attorneys' fees in the amount of $1,000 for the period between January 1, 2024 and entry of judgment; and

      vii. post-judgment interest from the date of judgment accruing at the applicable rate.

b. Judgment for damages in favor of DCMH and against the Defendant for the following:

      i. unpaid past due rent, CAM, real estate taxes and direct bill expenses from May, 2023 through the date of this motion in the amount of $42,328.23;

      ii. rent, CAM and real estate taxes due and owing for the remainder of the lease term through March 31, 2024 in the amount of $10,382.42;

      iii. late fees in the amount of $622.94;

      iv. pre-judgment interest pursuant to the terms of the Keystone Lease Documents through January 23, 2024, in the amount of $608.05;

      v. attorneys' fees and costs incurred through December 31, 2023 in the amount of $11,008.06;

      vi. additional attorneys' fees in the amount of $1,000 for the period between January 1, 2024 and entry of judgment; and

      vii.     post-judgment interest from the date of judgment accruing at the applicable rate.

  c.    Judgment for damages in favor of West Oaks and against the Defendant for the following:

      i.     unpaid past due rent, CAM, real estate taxes and direct bill expenses from May, 2023 through September 30, 2023 in the amount of $31,105.08 (less a credit for $2,348.52 for the security deposit held by West Oaks);

      ii.     late fees in the amount of $937.67;

      iii.     pre-judgment interest pursuant to the terms of the Fourteen Mile Lease Documents through January 23, 2024, in the amount of $1,839.67;

      iv.     attorneys' fees and costs incurred through December 31, 2023 in the amount of $6,592.09;

      v.     additional attorneys' fees in the amount of $1,000 for the period between January 1, 2024 and entry of judgment; and

      vi.     post-judgment interest from the date of judgment accruing at the applicable rate.

22. A proposed form of Default Final Judgment is attached hereto as **Exhibit E**.

WHEREFORE, the Plaintiffs respectfully request the Court grant the Plaintiffs' Motion and enter Final Default Judgment against David C. Helm II, as set forth above, and grant Plaintiffs such other and further relief as may be just and appropriate.

Respectfully submitted this 5th day of March, 2024,

/s/ Seth S. Schimmel
Seth M. Schimmel | FBN: 0986781
Chris B. Bach | FBN: 1048993
**PHELPS DUNBAR LLP**
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5315
Ph: 813-472-7550; Fax: 813-472-7570
Service Emails: seth.schimmel@phelps.com,
chris.bach@phelps.com,
samantha.powell@phelps.com
*Attorneys for the Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Motion* was filed electronically this 5th day of March, 2024. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system.

/s/ Seth S. Schimmel
Seth S. Schimmel