## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**COGDELL INVESTORS (MALLARD), LP**, *et al.*,
    Plaintiffs,

v.                                                                                         2:23-cv-654-JLB-NPM

**DAVID C. HELM, II**,
    Defendant.

---

## ORDER

This action arises from the breach of three real-estate leases guaranteed by defendant David C. Helm. Pursuant to the written guarantees, the lessor plaintiffs—Cogdell Investors (Mallard), LP ("Cogdell"); ET Sub-DCMH Limited Partnership, LLP ("DCMH)"); and GA HC Reit II West Oaks MOB, LLC ("West Oaks")—seek to hold Helm liable for the unpaid rent and other payments due. The clerk previously defaulted Helm for failing to answer or otherwise defend after being properly served. (Doc. 16). Now, Plaintiffs seek a default judgment, which is unopposed. *See* Local Rule 3.01(c). Their request is based on the leases and guarantees attached to the complaint (Docs 1-2 through 1-10), so the requested judgment does "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). And because the claim is for "a sum that can be made certain by computation," the clerk may enter the judgment without court review. Fed. R. Civ. P. 55(b)(1).[1]

---

[1] *See also* 28 U.S.C. § 636(b)(3).

It is plain to see on the face of the complaint that we have jurisdiction, and that Plaintiffs state a non-frivolous claim.[2] Helm is a citizen of Florida (and he was served here).[3] Plaintiffs are citizens of either Delaware or Kentucky, and the amount in controversy exceeds $75,000. (Doc. 1 at 2-3, 10-11).[4] As alleged, Helm is the guarantor of three commercial medical-property leases with the plaintiffs. He controlled the three tenants. Before the expiration of each lease, they disappeared and stopped paying the rent and other amounts due. (Doc. 1 at 1). Failure to pay the lease payments when due entitles each lessor to late charges and pre-judgment interest. (Docs. 1-2, 1-4, 1-5, 1-6, 1-8, 1-10). The lessors are also entitled to reimbursement for removing, storing, or disposing of the property left behind by the tenants. *Id*. The tenants and Helm have failed to pay the amounts owed to the lessors under the respective leases and guarantees.

The leases and their amendments and the affidavits supplied in support of the request for default judgment demonstrate a sum of damages that can be made certain by computation. (Docs. 1, 1-1 to 1-10, 34, 34-2 to 34-4).

---

[2] By failing to answer, Helm has admitted to the complaint's allegations other than those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6).

[3] Helm is not a minor, and there is no indication he is incompetent. (Doc. 34 at 3). He confirmed to the process server that he is not in the military. (Doc. 14). Moreover, plaintiffs have supplied an affidavit under the Servicemembers Civil Relief Act, 50 U.S.C.A. § 501 *et seq*., demonstrating that Helm is neither in military service nor otherwise exempt from default judgment. (Doc. 34-1).

[4] *See* 28 U.S.C. § 1332(a)(1).

Cogdell requests **$197,330.63** broken down as follows:

- Unpaid past due rent of $130,697.26, common area maintenance of $5,748.27, real estate taxes of $82.08, and direct bill expenses of $493.45 from April 2023 through the date of the motion totaling **$137,021.06**;

- Rent of $38,765.30 and common area maintenance of $1,983.50 due and owing for the remainder of the lease term through February 28, 2025, totaling **$40,748.80**;

- Late fees of **$6,826.98**; and

- Pre-judgment interest of **$12,733.79**. (Doc. 34-2).

DCMH requests **$58,319.81** broken down as follows:

- Unpaid past due rent of $50,689.31, common area maintenance of $2,797.98, and real estate taxes of $254.12 from May 2023 through the date of the motion totaling **$53,741.41**;

- Late fees of **$1,438.98**; and

- Pre-judgment interest of **$3,139.45**. (Doc. 34-3).

West Oaks requests **$39,978.03** broken down as follows:

- Unpaid past due rent of $12,095.90, common area maintenance of $20,834.27, real estate taxes of $3,398.75, and direct bill expenses of $654.17 from May 2023 through the date of the motion totaling **$36,983.09**;

- Late fees of **$1,797.33**; and

- Pre-judgment interest of **$3,546.13**. (Doc. 34-4).[5]

---

[5] West Oaks credited a security deposit against the balance due of $42,326.55 to arrive at $39,978.03.

Accordingly, the clerk of court is directed to **GRANT** Plaintiffs' request (Doc. 34) and enter a default judgment awarding **$197,330.63** to Cogdell Investors (Mallard), LP; **$58,319.81** to ET Sub-DCMH Limited Partnership, LLP; and **$39,978.03** to GA HC Reit II West Oaks MOB, LLC. The judgment need not contain any express reference to post-judgment interest because such interest will automatically accrue by statute. *See* 28 U.S.C. § 1961(a). The clerk is further directed to mail a copy of this order to David C. Helm at 650 Travers Avenue, Fort Myers, FL 33919.

To tax costs, Plaintiffs must file a proposed Bill of Costs (AO Form 133) and its required documentation within a reasonable time after the entry of judgment. The court will address Plaintiffs' request for fees separately.

**ORDERED** on March 31, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge