## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

COGDELL INVESTORS (MALLARD), LP,
ET SUB-DCMH LIMITED PARTNERSHIP, LLP,
GA HC REIT II WEST OAKS MOB, LLC,
     Plaintiffs,

v.                                                                2:23-cv-654-JLB-NPM

DAVID C. HELM, II,
     Defendant.

---

## ORDER

This action arises from the breach of three real estate leases guaranteed by defendant David Helm. Because Helm did not appear or otherwise defend, we previously entered a default judgment against him for $295,628.47. (Doc. 36). The six instruments underlying this action—three leases and three guaranties—each have provisions that provide for the recovery of attorneys' fees, costs, and other reasonable expenses related to collecting unpaid obligations and enforcing the plaintiffs' rights. Invoking these provisions, Plaintiffs collectively seek an award of $29,551.14 for their litigation expenses. But by failing to provide a sufficient legal memorandum, they have not shown that the amounts requested for each plaintiff are warranted under the governing laws.

This is a diversity case, and, as is well known, we must apply the appropriate forum's contract law. On this score, each instrument has a choice-of-law provision.

The Cogdell lease provides for the application of North Carolina law, while the DCMH and West Oaks leases point to Pennsylvania and Michigan, respectively. (Doc. 1-2, ¶ 20.4; Doc. 1-5, ¶ 20.4; Doc. 1-8, ¶ 31(E)). The guaranties for the Cogdell and DCMH leases are governed by Illinois law, while the guaranty for the West Oaks lease is governed by Michigan law. (Doc. 1-3, ¶ 13; Doc. 1-7, ¶ 13; Doc. 1-10 at 5). To properly adjudicate Plaintiffs' motion, we would need to apply—at a minimum—the contractual fee-shifting laws of Illinois and Michigan, which govern the guaranties. And since Plaintiffs invoke the fee-shifting provisions of the leases, we may need to apply the contractual fee-shifting law of North Carolina and Pennsylvania as well.

But Plaintiffs do not cite the appropriate standard from each state and apply that standard to each of their requests. Instead, they cite a case from this district that applies the federal fee-shifting law governing FLSA cases. (Doc. 38 at 4). Within a single state, standards vary for determining an appropriate fee award. For instance, the standard for arriving at an appropriate fee award under one statute can vary from the standard for another statute—even if the two statutes generally use the same fee-shifting language. Contractual fee shifting may be subject to a standard different from that governing other common-law claims, and it may differ between business and consumer contracts.

Simply alluding to the familiar lodestar approach will not do. For example, in

a Michigan breach-of-contract case, "trial courts must consider a nonexclusive list of [fourteen] factors when determining a reasonable attorney fee." *Lakeside Retreats LLC v. Camp No Counselors LLC*, 985 N.W.2d 225, 232 (Mich. Ct. App. 2022). But Plaintiffs have made no effort to provide the governing standards or to demonstrate that they satisfy the standards. They cannot expect us to do this for them. This would impermissibly turn the court into an advocate. *See Reaves v. Sec'y, Fla. Dep't of Corr.*, 872 F.3d 1137, 1149 (11th Cir. 2017) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties."); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him."). Consequently, the motion for fees and costs (Doc. 38) is denied without prejudice.

If the juice is worth the squeeze—that is, if Plaintiffs believe that Helm may be collectible for an amount in excess of the nearly $300,000 default judgment granted to them—then Plaintiffs need to do the work. If they choose to do so, they may file an appropriate motion pursuant to Local Rule 7.01(c)[1] by **March 31, 2026**.

**Ordered** on February 18, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] Entitlement is not at issue.